IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:23-cr-00195 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| vs. | ) | |
| | ) | |
| MELVIN HODGE, | ) | **DEFENDANT'S MOTION FOR A** |
| | ) | **DE NOVO REVIEW AND** |
| Defendant. | ) | **REVOCATION OF THE** |
| | ) | **MAGISTRATE JUDGE'S ORDER OF** |
| | ) | **DETENTION** |

Now comes Defendant Melvin Hodge, by and through his undersigned counsel, Marisa L. Serrat, and respectfully requests this Honorable Court to conduct a de novo review of the Magistrate Judge's Order imposing detention pending trial and revoke the Order of detention, releasing Mr. Hodge on bond, subject to the conditions recommended by United States Pretrial Services. (Order, R. 29, PAGE ID 75-7). This request is more thoroughly explained in the attached Memorandum in Support, which is incorporated herein by reference.

Respectfully Submitted,

s/ Marisa L. Serrat_____
MARISA L. SERRAT (#0088840)
55 Public Square
2100 Illuminating Building
Cleveland, Ohio 44113
(216) 696-2150; (216) 696-1718- Fax
MserratLaw@gmail.com
Counsel for the Defendant

1

## **MEMORANDUM IN SUPPORT**

### I. PROCEDURAL HISTORY.

On April 6, 2023, Melvin Hodge was named in Counts 1 and 3 of a five Count Indictment in the Northern District of Ohio, along with three (3) codefendants, Sherman Thomas, Carvin Cook and Frank Black. All defendants are charged in Count 1 with violating 21 U.S.C. 846, 841(a)(1) and (b)(1)(A) Conspiracy to Distribute and Possess with Intent to Methamphetamine. (Indictment, R. 1, PID 1-4). Mr. Hodge is also charged in Count 3 with violating 21 U.S.C. 841(a)(1) and (b)(1)(C) Possession with Intent to Distribute Cocaine on January 11, 2022. *Id*. at PID 2.

Mr. Hodge was arrested on April 13, 2023. (Arrest Warrant, R. 24, PID 59). Defendant Frank Black was released on bond on April 13, 2023 and Defendant Carvin Cook was released on bond on April 21, 2023. Also, the government has filed Notice of a related Northern District of Ohio case, *United States v. Quinton Parries*, case number 1:23CR250, which alleges Conspiracy to Possess with Intent to Distribute Methamphetamine. Defendant Parries was released on bond on April 13, 2023. Defendant Sherman Thomas has not yet been taken into custody.

Melvin Hodge appeared for his arraignment on April 13, 2023 and was ordered detained pending a Detention Hearing. (Order, R. 10, PID 26). A Detention Hearing was held before Magistrate Judge James Grimes on April 18, 2023. On April 19, 2023, Magistrate Judge Grimes's issued a written Order of Detention after having an oral hearing, concluding:

> After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven: By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

\*\*\*

> In addition to any findings made on the record at the hearing, the reasons for detention include the following: Weight of evidence against the defendant is strong.
>
> ***
>
> For the reasons stated on the record during a hearing held on April 19, 2023, the government has shown by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

(Order, R. 29, PAGE ID 76-7).

Pursuant to Fed. Crim.R. 59(a), a party may serve and file objections to a magistrate's order regarding non-dispositive matters within fourteen days after being served with a copy of a written order from a magistrate. On May 3, 2023, this Honorable Court granted the Defendant's request for an extension of time to May 10, 2023 to file any motion, objection to, or appeal from the Magistrate Judge's detention order as to Melvin Hodge. (Order, N.D.E.)

## II. PRETRIAL SERVICES REPORT.

After conducting their investigation, United States Pretrial Services and Probation recommended Mr. Hodge's release under the standard conditions of release, stating:

> "To reasonably assure the defendant's appearance and the safety of the community, the U.S. Pretrial Services and Probation Office respectfully recommends the defendant be released on a $20,000 Unsecured Bond…"

(Pretrial Services Report, p. 5). Mr. Hodge is forty (40) years old and a lifelong resident of Northeast Ohio. *Id*. at p. 1. Mr. Hodge has resided in Sagamore Hill, Ohio for the last five (5) years with his girlfriend. Mr. Hodge reported he has obtained a high school diploma and has obtained degrees from Cuyahoga Community College, Ashland University and The University of Akron. *Id*. at p. 2. Mr. Hodge has an adult son that he maintains a good relationship with.

Mr. Hodge has been gainfully employed at Community Private Police Services Inc in Maple Heights, Ohio since 2008. *Id*. at p. 2. Mr. Hodge is in good physical health and does not have any history of mental health treatment, substance abuse history, or substance abuse treatment. *Id*. at p. 3. Mr. Hodge does not use any illegal substances. *Id*. Mr. Hodge's only prior criminal conviction was to an OVI in Stow Municipal Court in 2015 where he was sentenced to obey all laws for one year. *Id*. at p. 4.

### III.  DETENTION HEARING(S).

A Detention Hearing was held before Honorable Magistrate Judge James Grimes on April 18, 2023 after the government moved for Detention. (Transcript, R. 35, PID 88). Mr. Hodge was placed under oath and indicated that he was Melvin E. Hodge, III. *Id*. at PID 89. Mr. Hodge confirmed that he understood the nature of the proceedings and his right to counsel at the hearing. *Id*. at PID 90.

Counsel for the government summarized the charges in the Indictment, stating that Mr. Hodge was charged in Count 1 with conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, which carries a mandatory minimum sentence of ten (10) years. *Id*. at PID 90. Mr. Hodge is also charged with possession with intent to distribute cocaine in Count 3, which does not carry any mandatory minimum sentence. *Id*. at PID 91. As a result of Count 1, there is a statutory presumption of Detention in this case pursuant to 18 U.S.C. § 3142. *Id*. at PID 92. The Court further indicated that the presumption of Detention is subject to rebuttal. *Id*. The Court indicated that: "The government must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other people in the community, and it must show, or it must show, by a preponderance of the evidence, that no

4

condition or combination of conditions will reasonably assure Mr. Hodge's appearance." *Id*. at PID 94.

The government presented the testimony of DEA Task Force Officer, Detective Luis Santiago Irizarry. (Trans., R. 35, PID 95). Detective Santiago stated that his investigation started when the DEA received a lead from Firmapress that an individual was obtaining a pill press. *Id*. at PID 96. Through their investigation, DEA Agents executed two (2) search warrants on Sherman Thomas's apartment and residence on Reyburn Road in Cleveland Heights on September 28, 2022. *Id*. at PID 99-100. Agents recovered a large amount of Firmapress, compression binder, and the pill press from the residence and pills from Mr. Thomas's apartment. *Id*. at PID 100. Detective Santiago testified that Mr. Hodge was never seen at the residence on Reyburn Road during their surveillance. *Id*. at PID 112. Detective Santiago did not have any information that Mr. Hodge had any connection to the order of the pill press. *Id*. at PID 113.

Detective Santiago testified that he also executed a search warrant on Mr. Hodge's residence and business on January 11, 2023. *Id*. at PID 102. After executing a search warrant on Mr. Hodge's phone, it was believed that a Mexican national was Mr. Hodge's source of supply. *Id*. at PID 103, 109. The Agents also believed that Mr. Hodge was using a local postal carrier to intercept approximately 30 to 35 packages on his route. *Id*. at PID 110. After the search warrant was executed in January, it was alleged that Mr. Hodge told the postal worker that his phone was confiscated. *Id*. at PID 112. However, none of these USPS packages were ever inspected or searched. *Id*. at PID 118. No controlled deliveries were made of the packages. *Id*. at PID 119. No postal packages, pill presses, or compression binders were recovered at Mr. Hodge's residence during the January search warrants. *Id*. at PID 119.

There were no illegal substances recovered from the search warrant at Mr. Hodge's residence. There was approximately 27 grams of cocaine recovered from Mr. Hodge's business on January 11, 2023. *Id*. at PID 114. There were no other drugs found on Mr. Hodge's person or in his residence during the investigation. *Id*.

Throughout their investigation, DEA Agents conducted surveillance on Mr. Hodge and the other defendants. *Id*. at PID 104. On one occasion, outside of his commercial business, Mr. Hodge approached the Officers to ask what they were doing. The Officers told him they were investigating a business down the road from him, and Mr. Hodge offered to give them assistance to help them with their "fake" investigation. *Id*. at PID 115-6. Mr. Hodge was arrested without incident and acted professionally with the Officers. *Id*. at PID 120. Mr. Hodge, through counsel, did contact the government after the search warrants were executed and offered to turn himself in, if and when he was charged with any criminal offense. *Id*. at PID 124.

At the conclusion of the Detention hearing, the Court stated that it would take the matter of Detention under advisement and for further consideration. *Id*. at PID 139-140.

The Court made the following conclusions the next day at the continued Detention Hearing on April 19, 2023, identifying what the Court relied upon in rending his decision. (Transcript, R. 36, PID 144). Detective Santiago did not tie Mr. Hodge to any fentanyl, although he did testify that it was his opinion that Mr. Hodge supplied drugs to Sherman Thomas. *Id*. at PID 145. Approximately four kilograms of methamphetamine pills were found in Mr. Thomas's residence. *Id*. Detective Santiago also testified that searches of Mr. Hodge's phone revealed evidence regarding the government's allegations of his involvement in drug distribution. *Id*. at PID 145-6.

There was also testimony that alleged that Mr. Hodge used a postal carrier to intercept 30 to 35 packages from the mail, however the Court also acknowledged that none of those packages

6

were ever intercepted by the government. *Id*. at PID 147. The government cannot prove what, if anything, was in the packages. *Id*.

The Court also stated that it did not rely on the government's allegations regarding Mr. Hodge's discussions with agents while they were conducting surveillance as being "threatening" and further did not rely upon the government's allegations that there were post-seizure phone pings after Mr. Hodge's phone was seized, which could be explained by someone transferring their service to a new phone or device after the phones being taken. *Id*. at PID 147-8.

Mr. Hodge was taken into custody without incident and was described as acting professionally with the Officers. *Id*. at PID 147. Mr. Hodge's criminal history does not support a showing that he is dangerous. *Id*. at PID 148-9. Regarding the history and characteristics of Mr. Hodge, the Court found:

> "He's a life-long resident of Northeast Ohio. He has the support of his family members who were present yesterday and today in the courtroom. He has two college degrees. He's worked for 15 years with Community Private Police Services. He is OPOTA certified. He works as a chef at a Jamaican restaurant to support his family. He also mentors troubled youth. He has no history of substance abuse."

*Id*. at PID 149. Given the personal characteristics of Mr. Hodge, the Court found that Mr. Hodge rebutted the presumption in this case. *Id*. at PID 150. Mr. Hodge was also not on probation, parole, or court supervision at the time of the alleged offense. *Id*.

Lastly, when evaluating the nature and seriousness of the danger to any person or the community that would be posed by his release, the Court stated that the Sixth Circuit has said that drug trafficking is a serious offense that by itself poses a danger to the community. *Id*. at PID 151. Ultimately, Honorable Magistrate Judge Grimes concluded:

> "I've also considered the role he evidently plays with his family and the possible hardship his absence would create. Nonetheless, I cannot ignore the drug trafficking evidence and the serious danger

7

> posed by that trafficking. I will say this is a difficult decision, but having taken the time to consider the matter and having reviewed all of the evidence and the proffers in this matter, and having re-listened to the detective's testimony, and considering all the statutory factors, I find that the government has met its burden by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of other persons in the community. As a result, I must therefore order that Mr. Hodge remain in the custody of the United States marshal pending trial in this matter."

*Id*. at PID 152-3.

### IV. LAW AND ARGUMENT.

Melvin Hodge seeks review and revocation of the Magistrate Judge's Order imposing detention pending trial. Title 18 U.S.C. § 3145(b) permits a defendant to seek review of a pretrial detention order of a magistrate judge. When the Court "acts on a motion to revoke or amend a magistrate's detention order, [it] acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992).

In accordance with 18 U.S.C. § 3142(f), the defense respectfully requests this Honorable Court to review the record to determine whether there are any conditions or combinations of conditions of release that would reasonably assure the appearance of Mr. Hodge at further court proceedings and protect the public. When considering the matter of Detention, the court must consider certain factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including — (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the

8

>community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C. § 3142(g). Given the mandatory minimum sentence of ten (10) years as charged in Count 1, there is a presumption in favor of detention, however, the defense argues that it presented sufficient evidence and arguments at the Detention hearing to rebut that presumption.

The government relies upon the weight of the evidence to support its request for detention in this case, however in *United States v. Stone*, the Sixth Circuit clarified that the weight of the evidence against the defendant "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." 608 F.3d 939, 948 (6th Cir. 2010) (citation omitted). In addition, the dangerousness inquiry must be an individualized one. *Id*. at 946.

Melvin Hodge is forty (40) years old and does not have any prior felony convictions or history or violence. *Id*. at PID 121. Mr. Hodge has a stable residence to return home to with his girlfriend who was present at his Detention Hearing, along with other family members to show their support. *Id*. Mr. Hodge is OPOTA certified "(Ohio Peace Officer Training Academy")", which allows him to act as a private security guard for Community Private Policing, his long-time employer. *Id*. at PID 122. Mr. Hodge also works part time as a chef at a Jamaican restaurant. Mr. Hodge is college educated. *Id*. In addition, Mr. Hodge is willing to surrender his passport to the Clerk of Courts if he were to be released. *Id*. Magistrate Judge Grimes did state that he believed Mr. Hodge has strong ties to the community. *Id*. at PID 124, 132.

With regards to his release, no contraband was found at Mr. Hodge's residence in January of 2023. With regards to a suitable residence to release Mr. Hodge to, in addition to the residence

with his girlfriend, Mr. Hodge argued that he could also be released to his sister's residence. *Id.* at PID 132. United States Pretrial Services could determine if one or both of these residences were suitable. *Id.*

With regards to the charges here, it is important to note that none of the charges in this Indictment involved fentanyl, even though the dangerousness of fentanyl was discussed during the Detention Hearing. *Id.* at PID 133. And although Detective Santiago testified that Mr. Hodge was allegedly the "supplier" in this case, he did not present any testimony that would indicate how he came to that conclusion. *Id.* at PID 134. The Detective also agreed that they did not know what, if any, controlled substances were in the 30 to 35 USPS packages. *Id.* at PID 135.

The two (2) co-defendants who were charged with maintaining the drug residence in this case where the pill press and narcotics were found in September of 2022 and the USPS postal worker in the related case were all released on bond pending trial. After the search warrant was conducted at Mr. Hodge's residence and business on January 11, 2023, Mr. Hodge remained in the community until he was arrested without incident on April 13, 2023. Mr. Hodge's actions have shown that he is not a flight risk, which the Court agreed. *Id.* at PID 136. The totality of the testimony provided at the Detention Hearing did not directly connect Mr. Hodge with any recovered controlled substances other than the cocaine found in a grill at his business. *Id.* at PID 137-8.

Given the totality of the factors stated in 18 U.S.C. § 3142(g), Mr. Hodge argues that the defense has rebutted the presumption of Detention and respectfully requests this Honorable Court, after conducting a de novo review of the record, to revoke Mr. Hodge's Order of Detention pending trial.

V.     **CONCLUSION.**

Based upon the foregoing, the Defendant respectfully requests this Honorable Court to revoke the Magistrate Judge's Order of Detention and release Mr. Hodge on bond with the mandatory and special conditions recommended by United States Pretrial Services, along with any additional conditions deemed appropriate by this Court.

                                                Respectfully Submitted,

                                                s/ Marisa L. Serrat
                                                **Marisa L. Serrat (#0088840)**
                                                Attorney for the Defendant
                                                55 Public Square
                                                2100 Illuminating Building
                                                Cleveland, OH  44113
                                                (216) 696-2150; (216) 696-1718- F
                                                Mserratlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marisa L. Serrat<br>
<b>Marisa L. Serrat (#0088840)</b><br>
Attorney for the Defendant